IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLESTON AREA MEDICAL
CENTER, INC.,
A West Virginia nonprofit corporation,

    Plaintiff,

v.                                              Civil Action No. 16-cv-00333

LEILA ELLEN SAKHAI, M.D.,
An individual,

    Defendant.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
OF DEFENDANT LEILA ELLEN SAKHAI, M.D.

    Now comes Defendant, Leila Ellen Sakhai, M.D., by Counsel, P. Rodney Jackson, and for her **ANSWER AND AFFIRMATIVE DEFENSES** to Plaintiff's Complaint against her states follows:

FIRST DEFENSE

    1.    Plaintiff fails to state a claim upon which relief may be granted.

SECOND DEFENSE

    2.    In response to Paragraph 1 of the Complaint, Defendant admits, upon information and belief, that Plaintiff CAMC is a West Virginia non-profit corporation with its principal place of business in Kanawha County, West Virginia.

    3.    Defendant admits Paragraph 2 of the Complaint.

    4.    Defendant denies Paragraph 3 of the Complaint, to the extent Plaintiff has no valid claim over which this Court may exercise jurisdiction.

5. Defendant denies Paragraph 4 of the Complaint to the extent Paragraph 4 alleges Defendant owes Plaintiff any debt, much less a debt in excess of $75,000.00.

6. Defendant denies the allegations of Paragraph 5 of the Complaint to the extent Paragraph 5 alleges Defendant failed to make payments to Plaintiff. Defendant made payments to Plaintiff in Kanawha County, West Virginia.

7. In response to Paragraph 6 of the Complaint, with respect to the contents of the Recruitment Agreement, Defendant asserts that the language of the Recruitment Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 6.

8. In response to Paragraph 7 of the Complaint, with respect to the date of the Recruitment and Commercial Loan and Security Agreement, Defendant asserts that the Agreement speaks for itself. Defendant is without sufficient knowledge or information to admit or deny any allegations regarding the merger of CAMC Teays Valley with and/or into CAMC.

9. In response to Paragraph 8 of the Complaint, with respect to the contents of the Recruitment Agreement, Defendant asserts that the language of the Recruitment Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 8.

10. In response to Paragraph 9 of the Complaint, Defendant asserts that the language of the Commercial Loan Promissory Note speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 9.

11. In response to Paragraph 10 of the Complaint, with respect to the contents of the Recruitment Agreement, Defendant asserts that the language of the Recruitment Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 10.

12. In response to Paragraph 11 of the Complaint, with respect to the contents of the Income Guarantee and Commercial Loan Agreement ("Income Agreement"), Defendant asserts

that the language of the Income Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 11.

13. In response to Paragraph 12 of the Complaint, with respect to the contents of the Income Agreement, Defendant asserts that the language of the Income Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 12.

14. In response to Paragraph 13 of the Complaint, with respect to the contents of the Revolving Credit Note, Defendant asserts that the language of the Revolving Credit Note speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 13.

15. In response to Paragraph 14 of the Complaint, with respect to the contents of the Income Agreement, Defendant asserts that the language of the Income Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 14.

16. In response to Paragraph 15 of the Complaint, with respect to the contents of the Recruitment Agreement and the Income Agreement, Defendant asserts that the language of each Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 15.

17. Defendant admits the allegations contained in Paragraphs 16 and 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraphs 18, 19, and 20 of the Complaint and demands strict proof thereof.

19. In response to Paragraph 21 of the Complaint, Defendant repeats, realleges, and incorporates herein her answers to Paragraphs 1 – 20 of the Complaint.

20. In response to Paragraph 22 of the Complaint, with respect to the contents of the Recruitment Agreement, Defendant asserts that the language of the Recruitment Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 22.

21. In response to Paragraph 23 of the Complaint, with respect to the contents of the Income Agreement, Defendant asserts that the language of the Income Agreement speaks for itself, and Defendant denies all remaining allegations contained in Paragraph 23.

22. Defendant denies the allegations contained in Paragraphs 24, 25, and 26 of the Complaint.

23. In response to Paragraph 27 of the Complaint, Defendant repeats, realleges, and incorporates herein her answers to Paragraphs 1 – 26 of the Complaint.

24. Defendant is without information or belief to affirm or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

25. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 30 of the Complaint. The loans made by CAMC under the terms of the Note and Revolving Note ultimately worked to Defendant's detriment and expense and benefitted Plaintiff.

27. Defendant denies the allegations contained in Paragraph 31 of the Complaint. Any benefit she may have received from CAMC was negated by conditions that rendered performance of the contract impossible. Additionally, Paragraph 31 calls for a remedy at equity that is not available to Plaintiff given the adequate remedy at law available, if Plaintiff were entitled to any remedy.

28. Defendant denies the allegations contained in Paragraph 32 of the Complaint and further contends that Plaintiff was unjustly enriched at her expense and detriment under the terms of the Note and Revolving Note.

29. Defendant denies all remaining allegations of the Complaint that are not specifically admitted.

### THIRD DEFENSE

30. Defendant asserts that Plaintiff has failed to reasonably mitigate any alleged damages as required by law.

### FOURTH DEFENSE

31. Defendant asserts the defense of unjust enrichment.

### FIFTH DEFENSE

32. Defendant asserts the affirmative defenses of accord and satisfaction, duress, failure of consideration, fraud, and waiver.

### SIXTH DEFENSE

33. The Plaintiff has unclean hands.

### SEVENTH DEFENSE

34. Defendant asserts breach of contract as an affirmative defense because, among other reasons, the conditions under which she was required by Plaintiff to promote and conduct her business were hostile, intolerable, and unprofessional, and violated Defendant's rights under the West Virginia Human Rights Act, W. Va. Code § 5-11-1, et seq., and Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., as well as other applicable law and regulations.

**EIGHTH DEFENSE**

35.     Defendant asserts counterclaim, recoupment, and offset as affirmative defenses.

**NINTH DEFENSE**

36.     Defendant asserts impossibility of performance as an affirmative defense because, among other reasons, the conditions under which she was required by Plaintiff to promote and conduct her business were hostile, intolerable, and unprofessional, and violated Defendant's rights under the West Virginia Human Rights Act, W. Va. Code § 5-11-1, et seq., and Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., as well as other applicable law and regulations.

**WHEREFORE**, Defendant respectfully requests that this Court deny and dismiss Plaintiff's Complaint, that the Court assess Plaintiff with Defendant's costs and expenses, including statutory and reasonable attorney fees, and Defendant requests such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**COUNTERCLAIM**

Defendant Leila Ellen Sakhai, M.D., hereby counterclaims against the Plaintiff, Charleston Area Medical Center, Inc., as follows:

1.     Defendant Leila Ellen Sakhai, M.D. is a medical doctor residing in the State of Florida.

2.     Plaintiff Charleston Area Medical Center, Inc. ("CAMC") is, upon information and belief, a non-profit corporation organized and doing business in Kanawha County, West Virginia.

## COUNT I
## Breach of Contract

3. Plaintiff CAMC, on or about January 14, 2016, filed a Complaint against Defendant in the United States District Court for the Southern District of West Virginia (Civil Action 2:16-cv-00333), and the Complaint alleged, among other things, breach of contract and unjust enrichment based upon a "Recruitment Agreement" and an "Income Agreement" under which Plaintiff guaranteed certain .

4. Under the Recruitment Agreement, Plaintiff had the following duties, among others, to Defendant:

    a. assist Defendant in developing her practice

    b. make required payments on Defendant's behalf

    c. provide Defendant with MFM insurance assistance

5. Plaintiff failed to fulfill all of these duties under the Recruitment Agreement.

6. Additionally, Plaintiff breached its duty of good faith and fair dealing with Defendant in failing to provide her the above-listed support in her practice.

7. Plaintiff therefore breached the Recruitment Agreement.

8. As a direct and proximate result of this breach, Defendant suffered and will continue to suffer damages in an amount to be determined by a jury.

## COUNT II
## Unjust Enrichment

9. Defendant repeats, realleges, and incorporates herein the allegations contained in Paragraphs 1 – 8 of her Counterclaim.

10. Plaintiff failed to perform its duties to Defendant under the Recruitment Agreement.

11. Defendant performed her duties to Plaintiff under the Recruitment Agreement.

12. As a direct and proximate result, Plaintiff was unjustly enriched by Defendant's performance under the Recruitment Agreement.

13. Defendant is entitled to damages for this unjust enrichment in an amount equal to the benefit to Plaintiff of the value of her services under the Recruitment Agreement.

## COUNT III
## Tortious Interference with Contract

14. Defendant repeats, realleges, and incorporates herein the allegations contained in Paragraphs 1 – 13 of her Counterclaim.

15. At all times relevant to this Counterclaim, Dr. Byron Calhoun was employed by West Virginia University ("WVU") and, upon information and belief, engaged in a joint business venture relationship with Plaintiff CAMC for the teaching and supervision of medical students and new doctors.

16. Defendant received instruction from Dr. Calhoun during her residency with CAMC.

17. During Defendant's residency, Dr. Calhoun, acting under the joint business venture with the agency and authority of CAMC and WVU, repeatedly disparaged, demeaned, and insulted Defendant based upon her sex and her national origin, in front of other students and doctors.

18. Dr. Calhoun's supervision of Defendant continued through the time she opened her practice and entered into the Recruitment Agreement and Income Agreement with CAMC.

19. Upon information and belief, Dr. Calhoun is the only Maternal Female Medicine practicioner practicing at CAMC as a result of the joint business venture between CAMC and WVU.

20. Dr. Calhoun intentionally refused treatment to certain of Defendant's patients during the duration of the Recruitment Agreement and Income Agreement, and demonstrated a distinctly different attitude and level of concern for Defendant's patients based on their race, insurance status, and history of whether or not they had sought an abortion in the past.

21. Because Dr. Calhoun is the only Maternal Female Medicine practicioner practicing at CAMC, and because of Dr. Calhoun's refusal to treat Defendant's patients, Defendant had to send patients away to Marshall University or WVU for treatment.

22. Dr. Calhoun's intentional refusal to treat Defendant's patients when his expertise was required resulted in a loss of business to Defendant.

23. As a direct and proximate result of the intentional interference of Dr. Calhoun with Defendant's practice, Defendant suffered financial harm by loss of business to her practice.

## COUNT IV
## Impossibility of Performance

24. Defendant repeats, realleges, and incorporates herein the allegations contained in Paragraphs 1 – 23 of her Counterclaim.

25. As a direct and proximate result of the intentional interference of Dr. Calhoun with Defendant's practice, among other problems presented by Dr. Calhoun, performance under the Recruitment Agreement and the Income Agreement was impossible for Defendant.

WHEREFORE, Defendant Laila Ellen Sakhai, M.D., respectfully requests the following relief:

1. Damages for breach and unjust enrichment as set forth in this Counterclaim;

2. Pre- and post-judgment interest as provided by law;

3. Dismissal of Plaintiff's Complaint with prejudice;

    4.       Attorney fees and costs; and

    5.       Such other and further relief as this Court may deem just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                                **LEILA ELLEN SAKHAI, M.D.**
                                                **By Counsel**

*/s/ P. Rodney Jackson*
P. Rodney Jackson – WVSB #1861
**Law Office of P. Rodney Jackson**
401 Fifth Third Center
700 Virginia Street, East
Charleston, WV 25301
(304) 720-6783
Prodjackson27@yahoo.com

And

*/s/ Elizabeth G. Kavitz*
Elizabeth G. Kavitz – WVSB #10348
**Kavitz Law PLLC**
22 Capitol Street, 2nd Floor
Charleston, WV 25301
(304) 932-9800
beth@kavitzlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**CHARLESTON AREA MEDICAL CENTER, INC.,**
A West Virginia nonprofit corporation,

    Plaintiff,

v.                                   Civil Action No. 16-cv-00333

**LEILA ELLEN SAKHAI, M.D.,**
An individual,

    Defendant.

### CERTIFICATE OF SERVICE

I, P. Rodney Jackson, hereby certify that on the 12th day of April, 2016, the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** were filed electronically with the Clerk of Court using the CM/ECF system, which then served all counsel of record.

                                                      */s/ P. Rodney Jackson*
                                                      P. Rodney Jackson – WVSB #1861